UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

**SOPHIA SMITH**,
individually and on behalf of
all those similarly situated,

   Plaintiff,

             Case No. 22-cv-565

  v.

**KDM ANCHOR, INC. d/b/a ANCHOR**
718 WI-59
Edgerton, WI

   Defendant.

## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1. This is a collective and class action brought by Individual and
Representative Plaintiff, Sophia Smith ("Plaintiff"), on her own behalf and on behalf
of the members of the proposed classes identified below. Plaintiff was a server for
KDM Anchor, Inc.'s Anchor bar and restaurant in Edgerton, Wisconsin ("Defendant").
During her employment, Plaintiff was paid the lower tipped minimum wage but was
subject to an unlawful tip pool and was therefore denied payment of the full minimum
wage. Under this policy, Plaintiff and other similarly situated employees, the servers
at Anchor bar and restaurant, were paid an hourly wage less than the minimum wage
of $7.25 per hour. Defendant took the tip credit, and Plaintiff and the other servers
were expected to make up the difference between the tipped and full minimum wage

with their tips. However, Plaintiff and the other servers were also required to pay into a tip pool disbursed to Defendant's support, kitchen, and bar staff, and to Defendant itself. Because of this invalid tip pool arrangement, Defendant could not claim the tip credit. Plaintiff and the putative class and collective class members (defined below) are similarly situated under Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b), as they commonly suffered wage losses as a result of Defendant's illegal pay policy.

2.     Plaintiff individually brings this action for retaliation. Upon recognizing Defendant's unlawful pay policy, Plaintiff stated she would contact the State of Wisconsin to investigate. In retaliation, Defendant terminated Plaintiff's employment. Plaintiff suffered wage losses as a result of Defendant's illegal retaliation.

## JURISDICTION AND VENUE

3.     The Court has original jurisdiction over Plaintiff's Fair Labor Standards Act ("FLSA") claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367 because those claims are part of the same case or controversy as Plaintiff's FLSA claims.

4.     Venue is proper in the United States District Court for the Western District of Wisconsin under 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides in this district and because the events and omissions giving rise to these claims occurred in this district.

## PARTIES

5.      Plaintiff Sophia Smith is an adult resident of Janesville, Wisconsin. Plaintiff was employed by Defendant as a server from May 2021 to July 2022. Plaintiff has consented in writing to assert claims for unpaid minimum wages and tips under the FLSA. Her consent form is filed as **Exhibit A**.

6.      Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) and a "tipped employee" within the meaning of 29 U.S.C. § 203(t).

7.      Defendant KDM Anchor, Inc., d/b/a Anchor, is a domestic business with a principal office at 718 WI-59, Edgerton, Wisconsin. Its registered agent is Kevin Brown, Post Office Box 250, Edgerton, Wisconsin.

8.      Defendant is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

9.      Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

10.     Defendant owns and operates Anchor, a restaurant and bar in Edgerton, Wisconsin.

11.     At times throughout the three years preceding the filing of this Complaint, Defendant employed Plaintiff and the putative class members as servers.

12.     At times throughout the three years preceding the filing of this Complaint, Plaintiff and putative class members were classified by Defendant as non-exempt from minimum wages.

13.     At times throughout the three years preceding the filing of this Complaint, Defendant paid Plaintiff and the putative class members an hourly cash wage less than the minimum wage of $7.25 per hour and used the tip credit toward its minimum wage obligation. Plaintiff was paid $3.00 per hour, and upon information and belief, the putative class members were all paid this hourly rate.

14.     At times throughout the three years preceding the filing of this Complaint, Plaintiff and the putative class members were required to pay a percentage of their tips into a mandatory tip pool that was shared with support, kitchen, and bar staff, employees who did not perform tip-producing work, and Defendant itself.

15.     Defendant failed to inform Plaintiff and the putative class members about the provisions of 29 U.S.C. § 203(m)(2).

16.     Defendant failed to make, keep, and preserve adequate and accurate records of Plaintiff's and the putative class members' wages, hours, and other conditions of employment as required by 29 U.S.C. § 211(c).

17.     At times throughout the two years preceding the filing of this Complaint, Defendant failed to have Plaintiff and the putative class members sign tip declarations for any pay period.

18.     Plaintiff brings this action on behalf of herself and other similarly situated employees, pursuant to 29 U.S.C. § 216(b). The **Collective Class** of similarly situated employees is defined as:

> All persons who have been or are employed as servers by KDM Anchor Inc., d/b/a Anchor, in its Edgerton location at any time during the past three years and who were subject to a tip pool but were not paid the full minimum wage.

19.     Plaintiff brings this action on behalf of herself and on behalf of all other similarly situated employees, pursuant to Fed. R. Civ. P. 23. The **Unpaid Wage Class** is defined as:

> All persons who have been or are employed as servers by KDM Anchor Inc., d/b/a Anchor, in its Edgerton location at any time during the past two years and who were subject to a tip pool but were not paid the full minimum wage.

20.     In July 2022, Plaintiff met with Defendant's Owner and Registered Agent, Kevin Brown, to discuss the restaurant's tip pool structure.

21.     Brown explained that the mandatory tip pool is calculated as a percentage of each server's gross food sales and gross bar sales, and is dispersed to support, kitchen, and bar staff until those individuals reach a certain hourly wage, then any remaining tip pool funds revert to Defendant.

22.     Brown explained Defendant's belief that tips do not belong to the employees but to Defendant and for Defendant to use as it desires.

23.     Plaintiff stated that she would contact the Department of Workforce Development regarding Defendant's tip pooling practices.

24.     Brown told Plaintiff to leave the restaurant.

25.     Brown removed Plaintiff from the restaurant's group chat and scheduling system and terminated her employment.

26.     Brown terminated Plaintiff's employment because she expressed her intent to file a wage complaint against Defendant with the Department of Workforce Development.

27.     Plaintiff brings this action for retaliation individually.

## CLASS ALLEGATIONS

28.     Plaintiff brings the Second Claim for Relief individually and on behalf of the Unpaid Wage Class, as defined in paragraph 19, *supra*, pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure.

29.     The persons in the Unpaid Wage Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendant has employed more than 40 people who satisfy this Class definition.

30.     There are questions of law and fact common to the Unpaid Wage Class that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including, but not limited to:

   a. Whether Defendant maintained a common practice and policy of taking a tip credit for servers' wages without having servers sign a tip credit each pay period;

   b. Whether Defendant maintained a common practice and policy of requiring servers to contribute to a tip pool that distributed tips to employees who do not customarily and regularly receive tips and managers or supervisors;

   c. Whether Defendant's tip pooling arrangement was a valid tip pool under federal and state regulations;

   d. Whether, because of its tip pooling arrangement, Defendant was entitled to claim the tip credit under federal and state regulations;

e. Whether the putative class was denied wages as a result of Defendant's tip pooling arrangement; and

f. The proper measure of damages sustained by Plaintiff and members of the putative class.

31.    Plaintiff's claims are typical of those of the Unpaid Wage Class. Plaintiff, like other members of the Class, was subjected to Defendant's illegal tip credit and pooling policy and practice resulting in a wage loss. Defendant took a tip credit without having Plaintiff sign a tip credit each pay period, and required Plaintiff to contribute to a tip pool whose funds were given to employees who did not customarily and regularly receive tips or otherwise were kept by Defendant. Defendant's actions constitute an invalid tip pool and inability to claim tip credit, resulting in Defendant's failure to pay minimum wage, in violation of Wisconsin law.

32.    Plaintiff will fairly and adequately protect the interests of the Unpaid Wage Class and has retained counsel experienced in complex wage and hour litigation.

33.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation, where individual plaintiffs, particularly those with relatively small claims, typically lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and wealthy corporate defendant.

34.    Class certification of the Second Claim for Relief is appropriate under Rule 23(b)(3) because questions of law and fact common to the class predominate over any questions affecting only individual class members, and because a class action is

superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policy and practice denied the Unpaid Wage Class the wages for work performed to which they are entitled. The damages suffered by each class member are small compared to the expense and burden of individually litigating each class member's claim. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

35.     Plaintiff intends to send notice to all members of the Class to the extent required by Rule 23.

**FIRST CLAIM FOR RELIEF:**
**FAILURE TO PAY REGULAR AND MINIMUM WAGE IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**

36.     Plaintiff, individually and on behalf of the Collective Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

37.     Defendant has been, and continues to be, an employer within the meaning of 29 U.S.C. § 203(d).

38.     Plaintiff and members of the Collective Class are or were Defendant's employees within the meaning of 29 U.S.C. § 203(e) and Defendant's tipped employees within the meaning of 29 U.S.C. § 203(t).

39.     The FLSA requires an employer to pay employees a minimum wage of $7.25 per hour. The FLSA permits an employer to take a tip credit towards its minimum wage obligation equal to the difference between the required cash wage of $2.13 and the federal minimum wage of $7.25.

40.     The FLSA prohibits an employer from taking a tip credit unless the employer informs the employee of the provisions of 29 U.S.C. § 203(m)(2), the tip credit claimed by the employer does not exceed the amount of tips actually received by the tipped employee, and all tips received by the tipped employee are retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly perform tip-producing work. The FLSA prohibits an employer from keeping tips received by its employees for any purposes.

41.     When an employer requires participation in an unlawful tip pool, it cannot take the tip credit and must pay the full minimum wage of $7.25 an hour.

42.     During the applicable statute of limitations, Defendant paid Plaintiff and members of the Collective Class less than the statutory minimum wage and took the tip credit toward its obligation equal to the difference between the cash wage paid to employees and the federal minimum wage of $7.25 per hour.

43.     During the applicable statute of limitations, Plaintiff and members of the Collective Class were not informed of the provisions of 29 U.S.C. § 203(m)(2) and were required to participate in an invalid tip pooling arrangement which included employees who did not customarily and regularly receive tips and which included the employer, rendering the tip pool invalid under 29 U.S.C. § 203(m)(2).

44.     These practices violate the FLSA, including, but not limited to, 29 U.S.C. § 206. Because of these violations, Plaintiff and members of the Collective Class were deprived of payment of the full minimum wage of $7.25 per hour and other earned wages due to them.

45.     Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff and members of the Collective Class minimum wage compensation in violation of the FLSA.

46.     Plaintiff, on behalf of herself and members of the Collective Class, seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendant, as provided by the FLSA.

47.     Plaintiff, on behalf of herself and members of the Collective Class, seeks damages in the amount of the unpaid wages earned and due as provided by the FLSA, including but not limited to 29 U.S.C. § 206, any penalties due under the FLSA, as well as such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

<u>SECOND CLAIM FOR RELIEF:</u>
**FAILURE TO PAY REGULAR WAGES IN VIOLATION OF WISCONSIN LAW**

48.     Plaintiff, individually and on behalf of the Unpaid Wage Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

49.     The foregoing conduct, as alleged, violates Wis. Stats. § 109.03, § 104.035, and § 104.045.

50.     Defendant has been, and continues to be, an employer within the meaning of Wis. Stat. §§ 104.01(3) and 109.01(2) and Wis. Admin. Code § DWD 272.01(5).

51.     Plaintiff and members of the Unpaid Wage Class are or were Defendant's employees within the meaning of Wis. Stat. §§ 104.01(2)(a) and

109.01(1r) and Defendant's tipped employees within the meaning of Wis. Stat. § 104.01(7m) and Wis. Admin. Code § DWD 272.01(12).

52.   Wisconsin law requires employers to pay employees all wages earned by a day not more than 31 days prior to the date of payment.  Wis. Stat. § 109.03.

53.   "Wages" includes "remuneration payable to an employee for personal services." Wis. Stat. § 109.01(3). The minimum wage due to an employee under the FLSA is a "wage" under Wis. Stat. § 109.01(3).

54.   Wisconsin law requires employers to pay non-exempt employees a minimum wage of at least $7.25 per hour, subject to a proper tip credit. Wis. Stat. § 104.035(3) and Wis. Admin Code § DWD 272.03(2).

55.   Under Wisconsin law, an employer may not take a tip credit if they fail to have a tipped employee sign a tip declaration each pay period. Wis. Admin. Code § DWD 272.03(2)(b).

56.   Under Wisconsin law, tips are property of the employee and an employer is prohibited from keeping tips received by its employees for any purposes.

57.   Wisconsin law prohibits an employer from requiring an employee for whom the employer takes a tip credit to contribute to a tip pool that includes employees who do not customarily and regularly receive tips.

58.   During the applicable statute of limitations up to and continuing through the present, Defendant had a policy and practice of failing to have Plaintiff and the Unpaid Wage Class sign a tip declaration each pay period, thereby

invalidating the tip credit and depriving the Unpaid Wage Class of payment of the full minimum wage of $7.25 per hour due to them, in violation of Wisconsin law.

59. During the applicable statute of limitations up to and continuing through the present, Defendant had a policy and practice of requiring the Unpaid Wage Class to participate in an invalid tip pooling arrangement which included employees who did not customarily and regularly receive tips, and which included the employer, thereby invalidating the tip pool and depriving the Unpaid Wage Class of payment of the full minimum wage of $7.25 per hour and other earned wages due to them, in violation of Wisconsin law.

60. Defendant's violations of Wisconsin law were for unjust or dilatory reasons.

61. Plaintiff, on behalf of herself and members of the Unpaid Wage Class, seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendant, as provided by Wis. Stat. § 109.03(6).

62. Plaintiff, on behalf of herself and members of the putative Unpaid Wage Class, seeks damages in the amount of the unpaid wages earned and due as provided by Wis. Stat. §§ 104.035 and 109.03, and any penalties due under Wis. Stat. § 109.11, as well as such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

## THIRD CLAIM FOR RELIEF:
## RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

63. Plaintiff individually alleges and incorporates by reference the allegations in the preceding paragraphs.

64. The FLSA makes it unlawful for any person to discharge an employee because that employee engaged in protected activity under the Act.

65. Plaintiff engaged in protected activity under the FLSA when she confronted Kevin Brown about Defendant's tip pooling practices and stated that she intended to contact the Department of Workforce Development regarding those practices.

66. Defendant reasonably knew Plaintiff's concerns related to the FLSA.

67. Defendant terminated Plaintiff's employment because she engaged in such protected activity.

68. Plaintiff suffered wage loss because of Defendant's conduct.

## <u>DEMAND FOR RELIEF</u>

WHEREFORE, Plaintiff, on behalf of herself and all members of the Collective Class and the Unpaid Wage Class, prays for the following relief:

A. An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to the Collective Class as defined above;

B. An order certifying this action as a class action on behalf of the proposed Unpaid Wage Class under Fed. R. Civ. P. 23(b)(2) and Fed. R. Civ. P. 23(b)(3);

C. An order designating Sophia Smith as representative of the Unpaid Wage Class;

D. An order designating Hawks Quindel, S.C., as class counsel;

E.      An order declaring that Defendant maintains an illegal pay policy and enjoining Defendant from committing future violations of the FLSA and Wisconsin wage and hour laws;

F.      Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

G.      An order finding that Defendant violated the FLSA and Wisconsin wage and hour laws;

H.      Judgment against Defendant in the amount equal to Plaintiff's, the Collective Class's, and the Unpaid Wage Class's unpaid back wages at the applicable minimum wage rates, and wrongfully withheld tips;

I.      An award in the amount of all liquidated damages and penalties as provided under Wisconsin law and the FLSA;

J.      An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims;

K.      Leave to amend the Complaint to add additional claims; and

L.      Such further relief as the Court deems just and equitable.

WHEREFORE, Plaintiff, individually, prays for the following relief:

A.      An order finding that Defendant violated FLSA anti-retaliation laws;

B.      Judgment against Defendant in an amount equal to Plaintiff's lost wages, compensatory damages, and punitive damages;

C.      An award in the amount of all liquidated damages and penalties available under the FLSA;

D.     An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

E.     Such further relief as the Court deems just and equitable.


Respectfully submitted this 5th day of October, 2022.

Attorneys for the Plaintiff

By:   */s/David C. Zoeller*
**HAWKS QUINDEL, S.C.**
David C. Zoeller, State Bar No. 1052017
Email: dzoeller@hq-law.com
Natalie L. Gerloff, State Bar No. 1117798
Email: ngerloff@hq-law.com
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236