## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims, along with all exhibits hereto (collectively, "Agreement"), is entered into by and between KDM Anchor, Inc. ("Defendant") and Sophia Smith ("Representative Plaintiff"), for her and on behalf of the Opt-In Plaintiffs who do not exclude themselves from this Agreement, in the case of Smith v. KDM Anchor, Inc., d/b/a Anchor, 22-cv-565-wmc in the United States District Court for the Western District of Wisconsin ("Lawsuit").

## RECITALS

WHEREAS, Representative Plaintiff filed the Lawsuit on October 5, 2022, alleging class and collective claims under the Fair Labor Standards Act ("FLSA") and Wisconsin wage and hour laws to recover unpaid wages, as well as an individual retaliation claim under the Fair Labor Standards Act to recover back wages;

WHEREAS, Defendant denied the material allegations in the Complaint on November 17, 2022, and denied the material allegations in the Amended Complaint on April 12, 2023;

WHEREAS, Representative Plaintiff is represented in the Lawsuit by attorneys from the law firm of Hawks Quindel, S.C. ("Class Counsel"), who have conducted a thorough investigation of the facts pertinent to the allegations in the Amended Complaint and have likewise investigated the law regarding the claims against Defendant and asserted defenses;

WHEREAS, the parties stipulated to conditional certification of the Minimum Wage Collective Class and the Overtime Wage Collective Class on March 24, 2023, and notice was mailed to the collective classes;

WHEREAS, 64 members of the Minimum Wage Collective Class and Overtime Wage Collective Class, collectively, opted into the Lawsuit and consented to make a claim against Defendant for unpaid minimum and/or overtime wages ("Opt-In Plaintiffs");

WHEREAS, the parties stipulated to certification of the Wisconsin Minimum Wage Class and the Wisconsin Overtime Wage Class pursuant to Fed. R. Civ. P. 23 on June 29, 2023;

WHEREAS, the Court, in certifying the Wisconsin Minimum Wage Class and the Wisconsin Overtime Wage Class, ordered that "[n]otice to the certified class as required by Fed. R. Civ. P. 23(c)(2)(B) shall be stayed until either the parties have reached a settlement and the Court has granted preliminary approval of that settlement, or the parties have notified the Court that they will not reach a settlement and intend to proceed to trial";

WHEREAS, the parties participated in mediation before Magistrate Judge Andrew Wiseman on October 31, 2023, during which Defendant first raised issues of poverty;

WHEREAS, the parties agreed to adjourn mediation to allow Defendant and its owners to produce confidential tax and financial records to Class Counsel so that Class Counsel could assess Defendant's assertion of poverty;

2

WHEREAS, Defendant and its owners produced confidential tax and financial records to Class Counsel, who then consulted with a tax professional and concluded that Defendant was being truthful about its assertions of poverty;

WHEREAS, the parties reconvened mediation on December 5, 2023, and reached an agreement to settle the Lawsuit's FLSA claims for Representative Plaintiff and the Opt-In Plaintiffs *only*;

WHEREAS, the parties further agreed in mediation that the Lawsuit's Wisconsin law claims may be dismissed without prejudice, that such claims shall be tolled from the filing of the Lawsuit through the Court's approval of this settlement, and that the Wisconsin Minimum Wage Class and Wisconsin Overtime Wage Class members shall receive notice of this result;

WHEREAS, Defendant denies all of the allegations in the Lawsuit and any and all liability and damages of any kind to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit, but nonetheless, without admitting or conceding any liability or damages whatsoever, has agreed to settle the Lawsuit on the terms and conditions set forth in this Agreement to avoid the burden, expense, and uncertainty of continuing the Lawsuit;

WHEREAS, Representative Plaintiff recognizes the risks and expense associated with a trial of her claims and any further appeals that may follow and the uncertainty inherent in complex litigation, and she has concluded that the settlement set forth in this Agreement is in her best interests and the best interests of the Opt-In Plaintiffs;

NOW THEREFORE, the parties, intending to be legally bound and in consideration of the mutual covenants and other good and valuable consideration set forth below, do hereby agree as follows:

1. **Definitions.**

   a. "Opt-In Plaintiffs" shall include only the individuals named in Exhibit A of this Agreement.

   b. "Final FLSA Settlement Plaintiffs" shall include only the Opt-In Plaintiffs who do not exclude themselves from this Agreement pursuant to Section 5.b.

   c. "Wisconsin Minimum Wage Class" shall include all persons who have been or are employed as servers by KDM Anchor Inc., d/b/a Anchor, in its Edgerton location at any time during the two years before filing of this Lawsuit and who were subject to a tip pool during the two years before filing of this Lawsuit.

   d. "Wisconsin Overtime Wage Class" shall include all persons who have been or are employed as servers by KDM Anchor Inc., d/b/a Anchor, in its Edgerton location at any time during the two years before filing of this Lawsuit and who worked more than 40 hours in at least one workweek during the two years before filing of this Lawsuit.

   e. "Rule 23 Class Members" refers to the Wisconsin Overtime and the Wisconsin Minimum Wage Classes, collectively.

2. <u>**Settlement Amount.**</u> Subject to the payment timeline and early payment discount described in Section 3, Defendant shall pay the gross amount of $152,500.00 ("Settlement Payment") to resolve the FLSA claims of Representative Plaintiff and the Final FLSA Settlement Plaintiffs. This Settlement Amount is inclusive of attorneys' fees, costs, and liquidated damages, such that Defendant's settlement liability, other than the Defendant's share of payroll taxes, shall not exceed $152,500.00. The Settlement Payment shall be allocated as follows:

   a. $6,367.07 of the Settlement Payment shall be attributed to resolution of the individual FLSA retaliation claim of Representative Plaintiff. This amount is a pro-rated portion of the settlement funds based on the full value of Representative Plaintiff's individual FLSA retaliation claim. The full value of Representative Plaintiff's individual FLSA retaliation claim was calculated by determining lost wages post-termination, less Representative Plaintiff's earned income. This amount equals 4.18% of each settlement payment described below;

   b. $95,299.60 shall be attributed to resolution of the FLSA minimum wage and overtime claims of Representative Plaintiff and the Final FLSA Settlement Plaintiffs. All Opt-In Plaintiffs shall be allocated settlement funds on a pro-rata basis based on the total value of their individual claim. Initial individual claim values have been calculated for each Opt-In Plaintiff by determining a full, three-year claim value, going back from the date each Opt-In Plaintiff filed his or her consent form,

5

comprised of unpaid overtime wages, unlawfully kept tips, tip credit damages, and an equal amount in liquidated damages. This amount equals 62.49% of each settlement payment described below; and

c. $50,833.33 shall be attributed to Class Counsel's attorneys' fees and costs and settlement administration costs. Class Counsel shall petition the Court for this award, and Defendant does not oppose that petition. This amount equals 33.33% of each settlement payment described below.

3. <u>**Settlement Payments.**</u>

   a. **Payment Timeline.** Defendant shall satisfy their obligation under Section 2 by making the following payments. Each payment will be divided between Representative Plaintiff, the Final FLSA Settlement Class Members, and Class Counsel according to those percentages laid out in Section 2 above:

      i. Defendant shall pay $25,000.00 within 60 days of the Court's order approving this Agreement;

      ii. Defendant shall pay $20,000.00 on or before September 15, 2024, or within 60 days of the Court's order approving this Agreement, whichever is later;

      iii. Defendant shall pay $20,000.00 on or before September 15, 2025;

      iv. Defendant shall pay $20,000.00 on or before September 15, 2026; and

6

      v.  Defendant shall pay $67,500.00 on or before December 31, 2027.

b. **Early Payment Discount.** Defendant may notify Class Counsel on or before October 1, 2025, that it intends to pay off the remaining balance of the Settlement Payment on or before December 31, 2025. If Defendant timely notifies Counsel of such an intention, then Defendant shall make a payment under this Agreement in the gross amount of 80% of the remaining balance of the Settlement Payment on or before December 31, 2025 ("Early Final Payment"). If Defendant makes the Early Final Payment, then its obligations under this Agreement shall be satisfied and it shall not be obligated to make any further payments. If Defendant fails to make the Early Final Payment, then Defendant shall be obligated to pay the remaining balance of the Settlement Payment in full and according to the payment timeline in Sections 3.a.i-v and shall not receive any early payment discount.

c. **Missed Payments.** In the event Defendant fails to make any required payment described herein, Defendant shall have 30 calendar days following the missed payment date to cure the delinquent payment(s). If Defendant fails to cure the delinquent payment within 30 days, Plaintiff, consistent with this agreement, will file a stipulation for entry of judgment against Defendant in the amount of the full remaining balance of the Settlement Payment, and Defendant forfeits any early payment discount that may still otherwise be available.

4.  **Joint Motion for Settlement Approval.** The parties shall jointly prepare a motion for approval of this Agreement no later than March 31, 2024, which will include a proposed order that:

    a. Approves this Agreement as fair, reasonable, and adequate, including Counsel's request for attorney's fees;

    b. Directs notice to the Opt-In Plaintiffs in the form of Exhibit B attached to this Agreement ("Opt-In Plaintiff Notice") for distribution to all Opt-In Plaintiffs in the manner described in Section 5.b of this Agreement;

    c. Directs that each Opt-In Plaintiff who wishes to be excluded from the Agreement must request exclusion no later than 30 days after the mailing of the Opt-In Plaintiff Notice (the "Notice Period") per the instructions set forth in the Opt-In Plaintiff Notice, and that their request must be received by the date set forth in the Court's approval order;

    d. Directs that each Opt-In Plaintiff who has not properly and timely requested exclusion shall be bound by this Agreement if the Court grants approval of this Agreement, regardless of whether they cash their settlement checks;

    e. Directs notice to the Rule 23 Class Members in the form of Exhibit C attached to this Agreement ("Rule 23 Classes Notice") for distribution in the manner described in Section 5.c of this Agreement;

  f. Declares this Agreement to be binding on Defendant, Representative Plaintiff, and the Final FLSA Settlement Plaintiffs;

  g. Dismisses Representative Plaintiff and the Final FLSA Settlement Plaintiffs' FLSA claims raised in the Lawsuit with prejudice and without further costs to either party;

  h. Dismisses all other claims raised in the Lawsuit without prejudice;

  i. Awards Class Counsel $50,833.33 in attorneys' fees and costs, subject to the Early Payment Discount described in Section 3.b; and

  j. Incorporates this Agreement into the Court's judgment for the purpose of retaining jurisdiction to enforce the Agreement.

5. **Settlement Administration.** Class Counsel shall serve as the Administrator and shall be responsible for administering the Settlement, sending notices, calculating Representative Plaintiff and each Final FLSA Settlement Plaintiff's portion of the Settlement Payment, and distributing payments to Representative Plaintiff and the Final FLSA Settlement Plaintiffs. Fees and expenses of the settlement administration shall be paid by Class Counsel. The parties agree to the following procedure for settlement administration:

  a. **Initial Settlement Calculations.** Initial individual settlement allocations have been calculated, pursuant to the procedure described in Section 2.b, in the amounts set forth in Exhibit A.

  b. **Notice for Opt-In Plaintiffs.** Within 10 days of the Court's approval order, Class Counsel shall deliver the Opt-In Plaintiff Notice, as

    approved by the Court, to each Opt-In Plaintiff by first-class U.S. mail and email to the mailing address and email address listed in Exhibit A.

c. **Notice for the Rule 23 Class Members.** Within 10 days of the Court's approval order, Class Counsel shall deliver a printed copy of the Rule 23 Classes Notice, as approved by the Court, to each member of the Wisconsin Minimum Wage Class and the Wisconsin Overtime Wage Class by first-class U.S. mail, as well as an electronic copy of the Rule 23 Classes Notice to each Class Member for whom Defendant has provided an email address. For all printed Rule 23 Classes Notices returned as undeliverable, Class Counsel shall perform a "skip trace" or other appropriate identification method to identify proper current addresses and shall re-mail the Rule 23 Classes Notice to all such Class Members. To assist Class Counsel in identifying proper current addresses, Defendant shall provide partial Social Security numbers or other identifying information for those Class Members upon Class Counsel's request. If Class Counsel is unable to identify an alternative address for any Class Member whose printed copy of the Rule 23 Classes Notice is returned, or if a second Rule 23 Classes Notice sent to any Class Member is returned as undeliverable, the parties shall be deemed to have satisfied their obligation to provide the applicable Rule 23 Classes Notice to that Class Member.

d. **Final Settlement Amount Calculation.** Within 10 days of the end of the Notice Period, Class Counsel shall calculate the final settlement amounts using the procedure set forth in Section 2.b., removing any Opt-In Plaintiff who timely filed requests for exclusion, correcting any errors or omissions, and proportionally reallocating their initial settlement amounts to Representative Plaintiff and the Final FLSA Settlement Plaintiffs ("Final Settlement Amounts Calculation") and shall send the Final Settlement Amounts Calculation to Defendant. The Final Settlement Amounts Calculation shall include the amounts that Representative Plaintiff, the Final FLSA Settlement Plaintiffs, and Class Counsel will individually receive out of each payment outlined in Section 3.a. If Defendant timely notifies Class Counsel that it will make the Early Final Payment, Class Counsel shall recalculate the final settlement amounts to account for the early payment discount.

e. **Defendant's Issuance of Settlement Checks.** Defendant shall make the payments in Sections 3.a.i-v. by delivering to Class Counsel checks made payable to Representative Plaintiff, each of the Final FLSA Settlement Plaintiffs, and Class Counsel in the amounts detailed in the Final Settlement Amounts Calculation. Defendant shall issue four separate checks to Representative Plaintiff—two for her individual claim and two for her collective class claims—with one check for each designated as W-2 wages and one check for each designated as 1099 income. Defendant

shall issue two separate checks to each Final FLSA Settlement Plaintiff—one check shall be designated as W-2 wages and one check shall be designated as 1099 income. Defendant shall issue one check to Class Counsel for attorneys' fees and costs.

f. **Tax Treatment**. For tax purposes, Representative Plaintiff and each Final FLSA Settlement Plaintiff's settlement share shall constitute a combination of allegedly unpaid wages as well as liquidated damages.

   i. 50% of Representative Plaintiff and each Final FLSA Settlement Plaintiff's settlement share shall be allocated as wage damages under the FLSA, shall be subject to employment and income tax withholding, and shall be reported to the individual on an IRS Form W-2;

   ii. 50% of Representative Plaintiff and each Final FLSA Settlement Plaintiff's settlement share shall be allocated as liquidated damages under the FLSA and shall be reported to the individual on an IRS 1099-MISC forms;

   iii. Class Counsel's attorneys' fees and costs shall be reported to Class Counsel on IRS 1099-MISC forms; and

   iv. Defendant will bear the employer's share of payroll taxes separately from the Settlement Amount.

g. **Class Counsel's Mailing of Settlement Checks and Defendant's Reissuing of Settlement Checks**. Class Counsel shall mail settlement

12

checks no later than 14 days of receiving them. If any settlement checks are returned as undeliverable within 120 days of issuance, Class Counsel shall promptly attempt to locate the person. Upon request by Representative Plaintiff or a Final FLSA Settlement Plaintiff during the 120-day time period, Defendant will promptly reissue checks that were mailed but not cashed by the participating class member; however, Defendant may deduct from the individual's settlement amount any cost associated with canceling a previously-issued settlement check. Any settlement check that remains undeliverable or is not cashed after 120 days following its issuance shall be cancelled and voided. Defendant will not reissue checks after the 120-day time period. Any settlement funds remaining unclaimed at the end of the 120-day check-cashing period, whether due to the individual's failure to timely cash their check, Class Counsel's inability to locate the individual, or any other reason, shall be held in trust until all payments described in Section 3 are made and the final 120-day check-cashing period expires. Within 30 days of the end of each 120-day check-cashing period, Defendant shall provide Class Counsel with an updated accounting of all unclaimed funds.

h. **Remaining Settlement Funds.** At the end of the final 120-day check-cashing period, all remaining unclaimed settlement funds shall be paid to Worker Justice Wisconsin, Inc. Defendant shall send a check to Class Counsel in the total amount of all unclaimed funds, payable to "Worker

Justice Wisconsin, Inc.," within 60 days of the end of the 120-day check-cashing period, along with a final accounting of all unclaimed funds.

6. **Release of Claims for Representative Plaintiff.** Upon the Court's approval of this Agreement, Representative Plaintiff releases and discharges Defendant and its predecessors and successors in interest, and its present, former, and future affiliates, parents, subsidiaries, related parties, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, collectors, brokers, assigns, or entities for which Defendant performs services (including, without limitation, any investors, trusts, or other similar entities) (collectively, "Releasees"), from any causes of action, suits, claims, or demands, known or unknown at the time, that she now has or ever has had against the Releasees on account of or arising out of any matter or thing that happened, developed, or occurred, or any alleged omission, before she executes this Agreement.

7. **Release of Claims for Final FLSA Settlement Plaintiffs.** Upon the Court's approval of this Agreement, each Final FLSA Settlement Plaintiff releases and discharges Defendant and its predecessors and successors in interest, and its present, former, and future affiliates, parents, subsidiaries, related parties, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, collectors, brokers, assigns, or entities for which Defendant performs services (including, without limitation, any investors, trusts, or other similar entities) (collectively, "Releasees"),

from any causes of action, suits, claims, or demands, known or unknown at the time, that they now have or ever have had against the Releasees under the FLSA arising out of Defendant's alleged failure to minimum wages and overtime wages during the three years preceding the filing of their consent form.

8. **Tolling Agreement for Wisconsin State Law Claims Dismissed Without Prejudice.** Defendant agrees to toll the statute of limitations applicable to the Wisconsin state law claims for the Rule 23 Class Members raised in the Lawsuit and dismissed without prejudice as a result of this Agreement ("Tolled Claims") as follows:

a. Defendant agrees that the running of any statutes of limitations related to the Tolled Claims shall be tolled from October 5, 2022, through the date that is 60 days after the Court's order approving this Agreement ("Tolling Period"); and

b. Defendant shall not assert, and further waives any right to assert, as defenses that (i) the Tolled Claims are time-barred solely because of the passage of time during the Tolling Period; and (ii) any court or administrative agency is without jurisdiction to entertain the Tolled Claims solely because of the passage of time during the Tolling Period. However, Defendant is not waiving any statutes of limitations defense that existed and/or could have been asserted on or before October 4, 2022, or that may arise on or after the date that is 61 days after the Court's order approving this Agreement.

9. **No Admission of Liability.** By entering into this Agreement, Defendant admits no liability of any kind, and Defendant expressly denies any liability or wrongdoing. This Agreement shall not be admissible in any court or other proceeding except as necessary in connection with a claim of breach of this Agreement or an effort to enforce this Agreement.

10. **Agreement to Cooperate/Severability.** The parties acknowledge that it is their intent to consummate this settlement, and they agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement. The provisions of this Agreement shall be deemed severable, and the invalidity or unenforceability of any one or more of its provisions shall not affect the validity or enforceability of any of the other provisions.

11. **Extension of Time.** The parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement, without further notice to the Court, subject to Court approval as to Court dates.

12. **Amendments.** The parties cannot alter or modify this Agreement except by an instrument in writing executed by each of them.

13. **Entire Agreement.** The parties acknowledge that this Agreement constitutes the entire agreement among the parties and includes all representations of every kind and nature made by any party to any other party. Any other earlier or contemporaneous oral or written agreement regarding the Agreement's subject matter shall have no force or effect.

14. **No Waivers, Modifications, Amendments.** Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

15. **Choice of Law.** The enforcement of this Agreement shall be governed and interpreted by and under the laws of the State of Wisconsin.

16. **Court Retains Jurisdiction to Enforce Agreement.** The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement, to the extent permitted by law, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement. Any action to enforce this Settlement Agreement shall be commenced and maintained only in this Court.

17. **Counterparts.** This Agreement may be executed in any number of counterparts, with signatures transmitted via facsimile and/or electronically scanned and mailed formats, each of which together shall be deemed one and the same instrument. Any facsimile, PDF, or other electronic signature to this Agreement shall be treated and deemed as an original signature.

18. **Authority.** Each person executing this Agreement on behalf of any party hereby warrants and represents that such person has the full authority to do so and

17

has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement with the intent to be legally bound by its terms and conditions.

Date: _____    By: _____

                                                            Printed Name: Sophia Smith

                                                            Title: Representative Plaintiff

Date: _____    By: _____

                                                            Printed Name: _____

                                                            Title: _____

                                                            For Anchor KDM Inc.

**REVIEWED AND APPROVED AS TO FORM:**

                                                            **HAWKS QUINDEL, S.C.**

                                                            By: _____

                                                            Printed Name: David C. Zoeller

                                                            Title: Class Counsel

                                                            **AXLEY ATTORNEYS**

                                                            By: _____

                                                            Printed Name: Lori M. Lubinsky

                                                            Title: Attorneys for Defendant